#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF GEORGIA
#### ATLANTA DIVISION

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and AMAZON TECHNOLOGIES, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DIGITAL HOME SOLUTIONS LLC, a Georgia corporation; JOTI APPLEE DHILLON, an individual; and DOES 1-50, unknown individuals and entities,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO: _____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

### I.   INTRODUCTION

1.   Amazon brings this case against the fraudsters behind an impersonation scam that deceives customers into believing they are speaking with Amazon and need to purchase fake support services. Through this lawsuit, Amazon aims to stop Defendants from harming customers and hold Defendants accountable for their fraudulent activity.

2.   Protecting customers and earning their trust are core values at Amazon. Consumers face a scourge of scammers who exploit consumers' trust in entities (governments, companies, and non-profits) to enrich themselves. Through fake emails, text messages, websites and other methods, scammers impersonate entities across industries—including Amazon—to gain consumers' trust and

-1-

defraud them. Beyond just the financial losses, scam victims often suffer negative psychological effects, similar to other crime victims, that may last longer than the financial harm. Impersonation scams also confuse consumers as to the brand's genuine offerings, and complicate consumers' future interactions with the company. Amazon has zero tolerance for criminals who pretend to be it, or any brand, to commit fraud. Amazon works to proactively protect consumers by educating them on scams, innovating on their behalf, and holding scammers accountable. This lawsuit is part of Amazon's efforts to build a world where consumers are confident that they will not be taken advantage of by impersonation scams.

3. Defendants Digital Home Solutions LLC, Joti Applee Dhillon, and the call centers they work with, are part of the scam ecosystem plaguing society. They target customers seeking assistance with activating Prime Video on their devices. Defendants' scheme begins with a misleading website that deceives customers into believing they are interacting directly with Amazon. Instead of activating the customer's device, the website presents a fake error message and prompts the customer with a phone number to resolve the (nonexistent) issue. Instead of calling Amazon, victims call Defendants, who convince victims that they need unnecessary—and nonexistent—Prime account "upgrades" to receive the full benefits of Prime Video. Defendants then charge victims hundreds of dollars each

for these entirely fake services. Defendants should be held accountable for the significant harm they caused to customers and Amazon.

## II.   PARTIES

4. Amazon.com, Inc., is a Delaware corporation with its principal place of business in Seattle, Washington.

5. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington. Amazon.com Services LLC owns and operates the Amazon.com store and Amazon's affiliates own and operate equivalent international stores and websites.

6. Amazon Technologies, Inc. ("Amazon Technologies")[1] is a Nevada corporation with its principal place of business in Seattle, Washington. Amazon Technologies is a subsidiary of Amazon and is the registered owner of certain intellectual property rights associated with Amazon and affiliated businesses.

7. Digital Home Solutions LLC, is a Georgia limited liability company with its principal office located in Roswell, Georgia. Digital Home Solutions LLC was administratively dissolved by the Secretary of State of Georgia on or about October 28, 2022. Digital Home Solutions LLC is directly liable to Amazon for the damages alleged in this Complaint, or alternatively, is secondarily liable to

---

[1] Amazon.com, Inc., Amazon Services LLC, and Amazon Technologies, Inc. are collectively referred to herein as "Amazon."

Amazon for these damages under principles of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory liability.

8. Joti Applee Dhillon is an individual who, on information and belief, resides in Roswell, Georgia, and owns Digital Home Solutions LLC. Dhillon owned, operated, and financially benefitted from the unlawful scheme that made fraudulent use of Amazon's brand and deceived Amazon's customers. Dhillon is directly liable to Amazon for the damages alleged in this Complaint. Alternatively, Dhillon had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct. As such, Dhillon is subject to liability for the wrongful conduct alleged herein under principles of secondary liability, including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

### III.   JURISDICTION AND VENUE

8. The Court has original subject matter jurisdiction over Amazon's claims for trademark infringement (15 U.S.C. § 1114) and violations of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

9. The Court has general personal jurisdiction over Digital Home Solutions LLC and Dhillon, because they are residents of the District.

Alternatively, the Court has specific personal jurisdiction over Digital Home Solutions LLC and Dhillon because, on information and belief, they transacted business and committed tortious acts within this District, and Amazon's claims arise from those activities.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Northern District of Georgia.

## IV.   FACTS

### A.   Amazon is a Trusted Brand

11. Amazon is a highly trusted brand, recognized by millions of customers throughout the world who use Amazon's online stores to conveniently purchase a wide array of products and services.

12. Customers with Amazon accounts have the option of subscribing to Amazon's Prime subscription service. Millions of Prime members enjoy entertainment, savings, and shopping benefits—including fast, free delivery, hassle-free returns, and a seamless checkout experience—every day. To give members the broadest possible selection, low prices, and a convenient shopping experience, Amazon has invested billions of dollars in infrastructure that helps small and medium-sized merchants offer Prime shopping benefits on Amazon.com, empowering them to reach new customers and grow their businesses.

13. Relevant to this case, Prime members have access to Prime Video, a service to stream digital video content using a range of devices, including smart televisions, tablets, and plug-in streaming devices, such as Amazon's Fire TV Stick with Alexa. Customers wishing to use the Prime Video app on their devices must connect the app to their Amazon account by registering the device on Amazon's webpage, amazon.com/mytv. This is done by entering a six-digit alphanumeric "registration code" on the website. A partial screenshot of the webpage at amazon.com/mytv is provided below:



14. Amazon offers free customer support for any issues that may arise connected to its products and services, including Prime Video. Customers may contact Amazon through a variety of channels, including through Amazon's

website and by phone. Amazon does not charge for this support and does not charge customers for activating Prime Video on their devices.

15. Amazon also sends customers emails and text messages in connection with its products and services. As a result, Amazon's customers have come to expect to receive email and text communications from Amazon, to use Amazon's services online, and to interact with Amazon online.

16. Amazon's products and services are readily identifiable to consumers around the world because of the company's substantial and years-long investment of time, money, and other resources in Amazon's brand, including the development of valuable intellectual property.

17. Amazon exclusively owns numerous U.S. trademark registrations and pending applications. These trademarks are a critical component of consumers' ability to readily identify Amazon products and services.

18. As alleged in this Complaint, the following trademarks and service marks (collectively "Amazon Trademarks") were unlawfully used to further Defendants' scheme:

| Mark | Registration Nos. |
|---|---|
| AMAZON | 7189907<br>86323279 |
| AMAZON PRIME | 6153481 |
| PRIME | 5218535<br>6375389 |

19. The Amazon Trademarks have been used exclusively and continuously by Amazon, and have never been abandoned. The above U.S. registrations for the Amazon Trademarks are valid, subsisting, in full force and effect, and some are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Amazon Trademarks constitute prima facie evidence of their validity and of Amazon's exclusive right to use the Amazon Trademarks pursuant to 15 U.S.C. § 1057(b).

**B.    Amazon's Efforts to Combat Impersonation Scams**

20. Impersonation scams are when a scammer pretends to be a trusted entity to try to defraud consumers. This is a society-wide problem that cuts across industries and geographic borders. Scammers impersonate governments, companies, and non-profits in order to exploit the trust these entities have built with consumers. Scammers then look to steal information and money from consumers under the guise the victim is interacting with the trusted entity.

21. A version of impersonation scams, also referred to as technical support scams, target customers of technology companies, like Amazon. Scammers use emails, text messages, phone calls, online advertisements, and other methods to lure victims into contacting them instead of the genuine entity. Once connected, the bad actors typically gain the victims' trust by making false statements of association with the trusted entity. From there, scammers monetize the scam by stealing money and information from victims, including by offering fake and unnecessary services on behalf of the impersonated entity.

22. Based on publicly available data, technical support scams affect millions of Americans every year, resulting in billions of dollars in reported losses. Beyond just the financial losses, scam victims often suffer negative psychological effects, similar to other crime victims, that may last longer than the financial harm. The complete impact of these scams is unknown, however, since not all victims report their experiences. Some victims may not even be aware that they have been scammed.

23. Amazon has zero tolerance for scammers who pretend to be it, or any brand, to commit fraud. Amazon strives to build a world where consumers are confident that they will not be taken advantage of by bad actors who impersonate trusted brands. Amazon works to proactively protect consumers by educating them, innovating on their behalf, and holding bad actors accountable. Amazon's

self-service reporting tool, available at amazon.com/ReportAScam, is available online and on Amazon's app, to enable simple, speedy, and standardized reporting. Amazon also works with others across industry sectors to develop solutions and support to address this shared challenge.

24. As part of its efforts to combat impersonation scams, Amazon aggressively pursues scammers around the world. Amazon targets their infrastructure to slow the velocity of scams; in just the last year, Amazon dismantled tens of thousands of websites and phones numbers used in scams. Amazon also has highly skilled attorneys and investigators who build cases against the main bad actors perpetrating impersonation scams. Amazon refers these cases to law enforcement around the world and supports law enforcement efforts to prosecute the scammers. Amazon's work has resulted in numerous law enforcement actions in multiple countries against scammers. Amazon also takes direct legal action against scammers—such as this lawsuit.

### C.    Defendants Target People Seeking Help with Prime Video Activation

25. On information and belief, Defendants have controlled and operated an impersonation fraud scheme that falsely claims to offer Prime Video activation and related support services, including purported multi-year or "premium" Amazon Prime subscriptions. Defendants recruit victims through websites or other advertisements that use the Amazon Trademarks and other tactics to deceive

victims into believing they are affiliated with Amazon's Prime and Prime Video products.

26. The purpose of Defendants' websites is to deceive victims into calling Defendants' phone number. Once victims call the number, Defendants falsely claim that victims do not have access to the full benefits associated with Prime Video, thereby attempting to sell victims unnecessary—and in fact fraudulent—services.

27. In furtherance of this scheme, Defendants use email addresses that reference Prime, as well as "PRIME" in the description of purported services rendered, to trick victims into believing they are communicating with Amazon's true customer support.

28. As one example, a victim reported to Amazon that they received an invoice from "Digitalhomesolutionllc," associated with [digitalhomezonellc@gmail.com](mailto:digitalhomezonellc@gmail.com), for "prime services." This email address was used by the registrant of domain digitalhomesolutionsllc.com, which listed the name Applee Dhillon, entity "digitalHome Solutions LLC," and listed Dhillon's residential address. Upon payment, the victim received an authorization form from "Digital Home Solutions LLC" that lists the same state and zip code as the principal office address of Digital Home Solutions LLC. The authorization form contained a "final audit report" that showed it was created by "PRIME SERVICES

(primehelpworld@gmail.com)" and upon signing, the victim received an email with the subject "You signed: "DIGITAL HOME SOLUTIONS" and a reply-to "PRIME SERVICES <primehelpworld@gmail.com>."

29. Additionally, after issuing payment, the victim received an email from Adobe with directions to reply to "PRIME SERVICES," again at primehelpworld@gmail.com. A screenshot from this invoice is provided below:

**DIGITAL HOME SOLUTIONS**

Final Audit Report                                                      2022-08-04

| | |
|---|---|
| Created: | 2022-08-04 |
| By: | PRIME SERVICES (primehelpworld@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAArKskJTF8WU3vC5r0mlaBL6bHtOyq7v87 |

30. As a second example, a victim reported to Amazon that he tried to activate Prime Video on a device but was shown a fraudulent message that he had exceeded the maximum number of devices on his account and was directed to call a phone number. Defendants told him that his "platinum" Prime Video service had expired and offered a lifetime Prime Video subscription for $199.99. Defendants caused the victim to be sent a document for signature that stated "PRIME SERVICES requests your signature on DIGITAL HOME SOLUTIONS." The

screenshot of this email is provided below:



31.     Defendants misrepresent themselves as Amazon representatives and use the Amazon Trademarks, without license or permission, to add credibility to their fraudulent statements.

32.     Defendants divert customers from Amazon's genuine Prime Video activation process through deceptive messaging that falsely indicates that customers must call Defendants—an unaffiliated and unauthorized third party—to complete that process. Once connected, Defendants make false claims about the status of the customers' Amazon Prime accounts and the authenticity of the Defendants' services in order to deceive consumers into believing they need to renew or upgrade their subscription to enjoy the full benefits of Prime Video on their devices. Defendants use this tactic to sell unnecessary (and nonexistent) services to Amazon's customers.

33. Defendants' fraudulent technical support scheme irreparably harms Amazon and the public.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Trademark Infringement (15 U.S.C. § 1114)**
**(By Amazon Technologies against Defendants)**

34. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

35. Defendants' activities infringe the Amazon Trademarks.

36. Amazon advertises, markets, and distributes its products and services using the Amazon Trademarks, and uses them to distinguish their products and services from the products and services of others in the same or related fields.

37. Because of Amazon's long, continuous, and exclusive use of the Amazon Trademarks, the Amazon Trademarks have come to mean—and are understood by customers, users, and the public to signify—products and services from Amazon.

38. The Defendants use the Amazon Trademarks in commerce in a manner that is intended to cause confusion, mistake, or deception as to source, origin, or authenticity of the Defendants' purported services.

39. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that Defendants' purported services originate with or are authorized by Amazon, thereby harming Amazon in addition to innocent victims.

40. At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, their lack of authority to use the Amazon Trademarks and the confusion that the use of the Amazon Trademarks had on consumers as to the source, sponsorship, affiliation, or approval by Amazon of the services purportedly provided by Defendants.

41. Defendants are subject to liability, jointly and severally, for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

42. As a result of Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a)–(b). The amount of money due from Defendants to Amazon is unknown to Plaintiffs and cannot be ascertained without a detailed accounting by Defendants. Alternatively, Amazon is entitled to statutory damages under 15 U.S.C. § 1117(c).

43. Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below. Amazon has no adequate remedy at law for Defendants'

wrongful conduct because, among other things: (a) the Amazon Trademarks are unique and valuable property; (b) in addition to the significant harm that Defendants have caused to innocent customers, Defendants' infringement constitutes harm to Amazon's reputation and goodwill such that Amazon could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the services being offered by Defendants; and (d) Defendants' wrongful conduct, and the resulting harm to Amazon, is continuing.

## SECOND CAUSE OF ACTION
### False Affiliation and Designation of Origin (15 U.S.C. § 1125(a))
### (By Plaintiffs against Defendants)

44. Amazon incorporates by reference the factual allegations contained in Sections I–IV as though set forth herein.

45. Amazon advertises, markets, and distributes its products and services using the Amazon Trademarks, and it uses these trademarks to distinguish its products and services from the products and services of others in the same or related fields.

46. Because of Amazon's long, continuous, and exclusive use of the Amazon Trademarks, they have come to mean, and are understood by customers, end users, and the public to signify products and services from Amazon.

47. Amazon has also designed distinctive and aesthetically pleasing displays, logos, icons, and graphic images (collectively, "Amazon designs") for its websites.

48. Defendants' wrongful conduct includes the use of the Amazon Trademarks and false statements regarding Amazon and its products or services in connection with Defendants' commercial advertising or promotion.

49. Defendants have used, and continue to use, the Amazon Trademarks to cause confusion, to cause a mistake, or to deceive customers. On information and belief, Defendants' wrongful conduct misleads and confuses their users and the public as to the origin, approval of, and authenticity of the goods and services advertised, marketed, offered or distributed in connection with Amazon's trademarks, and wrongfully trades upon Amazon's goodwill and business reputation.

50. Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of 15 U.S.C. § 1125(a).

51. Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

52. Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to Amazon. The injury to Amazon is and continues to be ongoing and irreparable. An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

53. As a result of Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, Defendants' profits, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a)–(b). The amount of money due from Defendants to Amazon is unknown to Amazon and cannot be ascertained without a detailed accounting by Defendants.

## VI. PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A. That the Court enter judgment in Amazon's favor on all claims;

B. That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them, from:

 (i) Using the Amazon Trademarks in connection with any offer, survey, commercial email, marketing campaign, or website;

    (ii)    Using any other indication of Amazon's brand in connection with any offer, survey, commercial email, marketing campaign, or website;

    (iii)    Making any statement of an affiliation or connection to Amazon in connection with any offer, survey, commercial email, marketing campaign, or website; or

    (iv)    Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iii) above;

C.    That the Court enter an order requiring Defendants to provide Amazon a full and complete accounting of all gross and net amounts earned in connection with the scheme alleged in this Complaint;

D.    That Defendants' profits from the unlawful scheme alleged in this Complaint be disgorged pursuant to 15 U.S.C. § 1117(a);

E.    That Defendants be required to pay all general, special, actual, and statutory damages which Amazon has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(a)–(b), or otherwise allowed by law;

F.  That Defendants be required to pay the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, or otherwise by law; and

G.  That the Court grant Amazon such other, further, and additional relief as the Court deems just and equitable.

DATED: November 9, 2023.

ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC

*/s/ Craig G. Kunkes*
Craig G. Kunkes
Georgia Bar No. 963594
Michael D. Forrest
Georgia Bar No. 974300
500 14th Street, NW
Atlanta, Georgia 30318
Phone: (678) 701-9381
Fax:  (404) 856-3255
ckunkes@robbinsfirm.com
mforrest@robbinsfirm.com

DAVIS WRIGHT TREMAINE LLP

Bonnie E. MacNaughton (*pro hac vice forthcoming*)
Jaime Drozd (*pro hac vice forthcoming*)
David Nordlinger (*pro hac vice forthcoming*)
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Phone: (206) 622-3150
Fax: (206) 757-7700
bonniemacnaughton@dwt.com
jaimedrozd@dwt.com
davidnordlinger@dwt.com

*Attorneys for Plaintiffs Amazon.com, Inc., Amazon.com Services LLC, and Amazon Technologies, Inc.*