IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMAZON.COM, INC., a Delaware corporation, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:23-CV-05175-ELR |
| DIGITAL HOME SOLUTIONS LLC, a Georgia Corporation, et al., | * * * | |
| Defendants. | * * | |

_____

**O R D E R**

_____

On November 9, 2023, Plaintiffs Amazon.com, Inc; Amazon.com Services LLC; and Amazon Technologies Inc. initiated this case against Defendants Digital Home Solutions LLC and Joti Applee Dhillon. See Compl. [Doc. 1]. Plaintiffs effected service of process on Defendants on November 15, 2023; thus, Defendants' Answer was due on December 6, 2023. [See Docs. 12, 13]; FED. R. CIV. P. 12(a)(1)(A)(i). On December 5, 2023, Defendants filed a consent motion to extend time to respond to the Complaint through and including January 17, 2024. [Doc. 14]. The Court granted that motion. [Doc. 16]. On January 17, 2024, Defendants filed another consent motion to extend their time to respond to the Complaint through and including February 23, 2024. [Doc. 17]. The Court granted that motion as well. [Doc.

18]. However, Defendants did not respond to the Complaint within the time allotted. Instead, on February 29, 2024, Defendants filed a third consent motion to extend time to respond to the Complaint—this time seeking an extension through and including April 30, 2024. [Doc. 19]. In that motion, Defendants provided no reasoning to justify such an extension. [See id.]; FED. R. CIV. P. 6(b)(1)(B) (explaining that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect"). Accordingly, by a minute Order dated February 29, 2024, the Court denied that motion.

As of the date of this order, Defendants have still failed to answer or otherwise respond to the Complaint, despite the multiple extensions granted to them by the Court. [See Doc. 18]. Yet, Plaintiffs have not taken any further action to prosecute this case or moved for a Clerk's entry of default against Defendants. Accordingly, the Court **DIRECTS** Plaintiffs to, within seven (7) days from the date of this order, file a notice on the docket showing cause as to why their claims against Defendants should not be dismissed for failure to prosecute.[1]

The Court **CAUTIONS** Plaintiffs that failure to timely comply with this directive within the seven (7)-day period will result in the Court either (1)

---

[1] "Showing cause" may include Plaintiffs moving for a Clerk's entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a).

administratively closing this action or (2) entering sanctions against Plaintiffs without further notice, up to and including dismissal of their claims. LR 16.5, NDGa. ("[f]ailure to comply with the court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case"); id. 41.3 (dismissal is authorized where a plaintiff fails to prosecute its claims); Moskovits v. Aldridge Pite, LLP, 677 F. App'x 510, 515 n.6 (11th Cir. 2017) (explaining that Federal Rule of Civil Procedure 41(b) "permits dismissal for failure to prosecute or to comply with the Federal Rules of Civil Procedure or any order of court" (internal citation omitted)). The Court **DIRECTS** the Clerk to resubmit this matter to the undersigned after the seven (7)-day period expires.

    **SO ORDERED**, this 5th day of March, 2024.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia